# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### ASSIGNED ON BRIEFS OCTOBER 14, 2005

## REGINALD D. HUGHES v. TENNESSEE BOARD OF PAROLE

Direct Appeal from the Chancery Court for Lauderdale County
No. 13009-38      Martha B. Brasfield, Chancellor

_____

No. W2005-00838-COA-R3-CV - Filed December 20, 2005

_____

The Appellant, an inmate in the custody of the Tennessee Department of Correction, filed a handwritten *pro se* petition seeking review by common law writ of certiorari following a denial of parole by the Tennessee Board of Probation and Parole. The board filed a motion to dismiss the petition, citing several defects with the Appellant's petition. The trial court granted the Appellant time to cure the defects. The Appellant subsequently filed a motion to amend his petition in an effort to comply with the trial court's directives, however, the trial court subsequently entered an order dismissing the Appellant's petition. Thereafter, the Appellant filed a post-trial "Motion to Rehear." When the trial court did not address the motion, the Appellant filed a notice of appeal to this Court. We hold that the Appellant's post-trial motion is, in actuality, a motion to alter or amend the judgment, therefore, we remand the case to the trial court for further proceedings on the motion.

**Tenn. R. App. P. 3; Appeal as of Right; Case Remanded to the Chancery Court for Further Proceedings**

ALAN E. HIGHERS, J., delivered the opinion of the court, in which DAVID R. FARMER, J., and HOLLY M. KIRBY, J., joined.

Reginald D. Hughes, *pro se*, Henning, TN

Paul G. Summers, Attorney General & Reporter; Michael E. Moore, Solicitor General; Bradley W. Flippin, Assistant Attorney General, for Appellee

# MEMORANDUM OPINION[1]

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Reginald D. Hughes (hereinafter "Hughes" or "Appellant") is presently an inmate in the custody of the Tennessee Department of Corrections at the West Tennessee State Penitentiary in Henning, Tennessee. The Criminal Court of Shelby County sentenced Hughes to two consecutive thirty year sentences on October 8, 1997 after he was convicted of two counts of second degree murder. Hughes became eligible for parole on June 20, 2003, and the Tennessee Board of Probation and Parole (hereinafter "Board" or "Appellee") convened a hearing on that date to discuss Hughes' eligibility for parole. Following the hearing, the Board voted to deny Hughes parole and set his next parole hearing for the year 2013.

On January 14, 2004, Hughes filed a handwritten *pro se* petition in the Chancery Court of Davidson County seeking review of the Board's decision by writ of certiorari. Therein, Hughes stated that he was making "no challenge to the intrinsic correctness of the Board's decision to decline [him] parole, only the length of future review." Hughes asserted that the Board's decision to set his next parole hearing for the year 2013 was arbitrary, capricious, and illegal because it violated his Fifth, Eighth, and Fourteenth Amendment rights under the United States Constitution. On February 13, 2004, the Board filed a motion to dismiss Hughes' petition pursuant to Rule 12 of the Tennessee Rules of Civil Procedure, asserting the following: (1) Hughes filed the petition beyond the sixty-day limit set forth in section 27-9-102 of the Tennessee Code,[2] therefore, the chancery court was without

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides as follows:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[2] The statute provides as follows:

> Such party shall, within sixty (60) days from the entry of the order or judgment, file a petition of certiorari in the chancery court of any county in which any one (1) or more of the petitioners, or any one (1) or more of the material defendants reside, or have their principal office, stating briefly the issues involved in the cause, the substance of the order or judgment complained of, the respects in which the petitioner claims the order or judgment is erroneous, and praying for an accordant review.

Tenn. Code Ann. § 27-9-102 (2000).

(continued...)

jurisdiction to hear the case; (2) Hughes' petition failed to state a claim for which relief can be granted because it did not satisfy section 27-8-106 of the Tennessee Code;[3] and (3) Hughes' filed the petition in an improper venue. On February 26, 2004, Hughes responded to the Board's motion by asserting that he filed an administrative appeal to the Board, which the Board denied on November 12, 2003.

On May 5, 2004, the Chancery Court of Davidson County entered an order transferring the case to the Chancery Court of Lauderdale County where West Tennessee State Penitentiary is located.[4] On October 19, 2004, the Chancery Court of Lauderdale County entered an order finding that "it appears that the 60-day statute of limitations deadline should be calculated from the date on which the [Board] denied [Hughes'] final administrative appeal, if such an appeal was made." The chancery court ruled that Hughes should have until January 18, 2005 to submit documentation showing the date on which the Board denied his administrative appeal and to amend his petition to cure any defects. On November 17, 2004, Hughes filed a "Motion to Amend Petition for Common Law Writ of Certiorari." In an effort to ensure that his petition complied with section 27-8-106 of the Tennessee Code, Hughes alleged that this was his first application for review by common law writ of certiorari. In an effort to comply with section 27-9-102 of the Tennessee Code, Hughes also attached a copy of his request for an administrative appeal of the Board's decision dated September 8, 2003 and a letter from the Board dated November 12, 2003 denying his appeal.

On March 7, 2005, the chancery court entered an order dismissing Hughes' petition. The chancellor noted that the court gave Hughes until January 18, 2005 to cure any defects in his petition and to submit documentation showing the date on which the Board denied his administrative appeal. The court ruled that, "[a]s of the date of this order, [Hughes] has not filed the documentation as required in the order of October 19, 2004." On March 18, 2005, Hughes filed a handwritten "Motion to Rehear" asking the chancery court to reexamine its denial of his petition for common law writ of certiorari. Therein, Hughes cited his compliance with the court's prior order by filing his motion to amend the petition on November 17, 2004. When the chancery court did not address his motion, Hughes filed a *pro se* notice of appeal to this Court on April 6, 2005 raising numerous issues for our

---

[2](...continued)

[3] The statute provides that "[t]he petition for certiorari may be sworn to before the clerk of the circuit court, the judge, any judge of the court of general sessions, or a notary public, and shall state that it is the first application for the writ." Tenn. Code Ann. § 27-8-106 (2000).

[4] In its brief filed on appeal, the Board asserts that it erred in arguing that Hughes filed his petition in an improper venue in its motion to dismiss. The Board, citing to our decision in *Hawkins v. Tenn. Dep't of Correction*, 127 S.W.3d 749, 763 n.16 (Tenn. Ct. App. 2002), argues that "[a]ctions challenging the decisions of the Tennessee Board of Probation and Parole are properly brought in the courts of Davidson County."

review.[5]  We remand this case to the chancery court for further proceedings on the Appellant's "Motion to Rehear."

# I. Discussion

The Board argues that this appeal is premature because the trial court has not entered a final order addressing Hughes' "Motion to Rehear."  The Board cites to no authority in its brief to support this proposition.  When the record presents an issue regarding this Court's appellate jurisdiction, we must consider the issue regardless of whether it is properly raised by the parties.  ***See*** Tenn. R. App. P. 13(b) (2005); ***Huntington Nat'l Bank v. Hooker***, 840 S.W.2d 916, 922 (Tenn. Ct. App. 1991).

Rule 4 of the Tennessee Rules of Appellate Procedure requires an appellant to file his or her notice of appeal "within 30 days after the date of entry of the judgment appealed from."  Tenn. R. App. P. 4(a) (2005).  "This deadline may be extended by filing certain post-judgment motions." ***Lee v. State Volunteer Mut. Ins. Co.***, No. E2002-03127-COA-R3-CV, 2005 Tenn. App. LEXIS 26, at *18 (Tenn. Ct. App. Jan. 21, 2005) (no perm. app. filed).  Regarding the tolling of the time for filing a notice of appeal, Rule 4 provides as follows:

> In a civil action, if a timely motion under the Tennessee Rules of Civil Procedure is filed in the trial court by any party: (1) under Rule 50.02 for judgment in accordance with a motion for a directed verdict; (2) under Rule 52.02 to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted; (3) under Rule 59.02 for a new trial; (4) under Rule 59.04 to alter or amend the judgment; the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion.

Tenn. R. App. P. 4(b) (2005); ***see also*** Tenn. R. Civ. P. 59.01 (2005) ("These motions are the only motions contemplated in these rules for extending the time for taking steps in the regular appellate process.").

After the chancery court entered the order dismissing his petition, Hughes filed a handwritten document with the trial court entitled "Motion to Rehear."  We have recently addressed such post-judgment motions, stating:

---

[5] Hughes asks this Court to, in essence, grant him the following relief: (1) reverse the 2013 review date set by the Board and order that his next parole review date be no more than three years from the initial denial of parole by the Board, (2) reverse the prison's decision to remove him from his current housing classification and place him in another housing unit, (3) to award him punitive damages in the amount of $50,000.00 against the Tennessee Department of Correction, and (4) return him to his old job at the prison with back pay and a pay increase.  Most of the issues raised by Hughes are not the proper subject of an appeal of this nature.  However, we need not address the propriety of each individual issue raised by the Appellant given our need to remand this case to the trial court for further proceedings.

Under the current rules of practice, filing a post-judgment "motion to rehear" in the trial court may easily amount to a fatal, self-inflicted appellate wound. Motions to rehear have not existed for over thirty-three years. *Mash v. Mash*, 1989 Tenn. App. LEXIS 182, No. 88-165-II, 1989 WL 22704, at *2 (Tenn. Ct. App. Mar. 15, 1989) (No Tenn. R. App. P. 11 application filed); 4 NANCY FRASS MACLEAN ET AL., TENNESSEE PRACTICE § 59:9, at 344 (3d ed. 2000). Thus, they are not one of the post-judgment motions specifically listed in Tenn. R. App. P. 4(b) and Tenn. R. Civ. P. 59.01 that have the effect of extending the time for filing a notice of appeal. However, too many lawyers continue to file post-judgment "motions to rehear," "petitions for reconsideration," or "petitions to rehear" and then attempt to rely on the motion or petition to extend the time for filing their notice of appeal.

When a lawyer files a post-judgment motion called a "petition to rehear" or some other name not clearly referenced in Tenn. R. App. P. 4(b) or Tenn. R. Civ. P. 59.01, *the appellate courts must parse through the body of the petition or motion to determine whether it requests the sort of relief available through one of the four motions specifically listed in Tenn. R. App. P. 4(b) or Tenn. R. Civ. P. 59.01*. *Tennessee Farmers Mut. Ins. Co. v. Farmer*, 970 S.W.2d 453, 455 (Tenn. 1998); *In re Estate of McCord*, 1986 Tenn. App. LEXIS 2764, No. 85-271-II, 1986 WL 2014, at *3 (Tenn. Ct. App. Feb. 13, 1986) (No Tenn. R. App. P. 11 application filed). If the relief requested in the petition or motion is not the sort of relief that may be sought by one or more of the four motions specifically listed in Tenn. R. App. P. 4(b) or Tenn. R. Civ. P. 59.01, then the motion will not be considered to be one that tolls the running of the time for filing a notice of appeal.

*Lee*, 2005 Tenn. App. LEXIS 26, at *18–20 (emphasis added) (footnotes omitted). When evaluating Hughes' "Motion to Rehear," we are mindful that he is a *pro se* litigant. "*Pro se* litigants who invoke the complex and sometimes technical procedures of the courts assume a very heavy burden." *Irvin v. City of Clarksville*, 767 S.W.2d 649, 652 (Tenn. Ct. App. 1988) (citing *Gray v. Stillman White Co.*, 522 A.2d 737, 741 (R.I. 1987)). "*Pro se* litigants are entitled to fair and equal treatment." *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000) (citing *Childs v. Duckworth*, 705 F.2d 915 (7th Cir. 1983)). "*Pro se* litigants are not excused from complying with the same substantive and procedural requirements that other represented parties must adhere to." *Id.* (citing *Irvin*, 767 S.W.2d at 652); *see also Edmundson v. Pratt*, 945 S.W.2d 754, 755 (Tenn. Ct. App. 1996). However, the courts of this state must be mindful of the fact that "many pro se litigants have no legal training and little familiarity with the judicial system." *Young v. Barrow*, 130 S.W.3d 59, 62–63 (Tenn. Ct. App. 2003) (citing *Irvin*, 767 S.W.2d at 652). "*Pro se* litigants are entitled to the same liberality of construction with regard to their pleadings that Tenn. R. Civ. P. 1, 8.05 & 8.06

afford any other litigant." ***Irvin***, 767 S.W.2d at 652 (citing ***Estelle v. Gamble***, 429 U.S. 97, 106 (1976)). Moreover, "[t]he courts give pro se litigants who are untrained in the law a certain amount of leeway in drafting their pleadings and briefs." ***Young***, 130 S.W.3d at 63 (citing ***Whitaker***, 32 S.W.3d at 227). "Accordingly, we measure the papers prepared by pro se litigants using standards that are less stringent than those applied to papers prepared by lawyers." ***Id.*** (citations omitted); ***see also Baxter v. Rose***, 523 S.W.2d 930, 939 (Tenn. 1975). Courts "should give effect to the substance, rather than the form or terminology, of a pro se litigant's papers." ***Young***, 130 S.W.3d at 63 (citations omitted).

In his "Motion to Rehear," Hughes argued that he complied with the chancery court's October 19, 2004 order directing him to submit documentation showing the date on which the Board denied his administrative appeal and to cure any defects in his original petition. Regarding the substance of a Rule 59 motion, we have noted the following:

> The Federal Rules of Civil Procedure, like the Tennessee Rules of Civil Procedure, do not recognize a motion or petition for reconsideration. 12 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 59.30 [*21] [7] (3d ed. 1997) ("MOORE'S FEDERAL PRACTICE"). However, when a motion or petition for reconsideration is filed within ten days following the entry of the judgment,[6] the federal courts will treat it as a Rule 59(e) motion to alter or amend as long as it is requesting a substantive alteration of the judgment, not merely the correction of a clerical error or relief of a type wholly collateral to the judgment itself. 12 MOORE'S FEDERAL PRACTICE § 59.30[2][b]; 11 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2810.1, at 121 (2d ed. 1995) ("FEDERAL PRACTICE AND PROCEDURE"). When it is debatable whether the motion should be characterized as substantive or not, it should be characterized as substantive. *Herzog Contracting Corp. v. McGowen Corp.*, 976 F.2d 1062, 1065 (7th Cir. 1992).
>
> Neither the federal nor the state version of Rule 59 lists specific grounds for a motion to alter or amend. Accordingly, trial courts have considerable discretion in granting or denying the motion. As a general matter, there are four basic grounds upon which a motion to alter or amend may be granted. First, *the moving party may demonstrate that it is necessary to correct manifest errors of law or fact upon which the judgment is based*. Second, the motion may be

---

[6] In federal courts, the motion to alter or amend must be filed within ten days after the trial court enters the judgment in a case. *See* Fed. R. Civ. P. 59(e) (2005). In Tennessee courts, "[a] motion to alter or amend a judgment shall be filed and served within thirty (30) days after the entry of the judgment." Tenn. R. Civ. P. 59.04 (2005). The chancery court entered the order dismissing his petition on March 7, 2005. Hughes filed his motion on March 18, 2005. Thus, Hughes filed his motion within thirty days of the entry of the judgment at issue.

granted to permit the moving party to present newly discovered or previously unavailable evidence. Third, the motion may be justified by an intervening change in the controlling law. *Fourth, the motion may be granted when necessary to prevent a manifest injustice.* 11 FEDERAL PRACTICE AND PROCEDURE § 2810.1, at 124-27; 12 MOORE'S FEDERAL PRACTICE § 59.30[5][a].

*Lee v. State Volunteer Mut. Ins. Co.*, No. E2002-03127-COA-R3-CV, 2005 Tenn. App. LEXIS 26, at *20–22 (Tenn. Ct. App. Jan. 21, 2005) (emphasis added) (no perm. app. filed).

In substance, Hughes' motion amounts to a motion to alter or amend the judgment dismissing his petition. Therein he asserts that the chancery court overlooked the documentation he provided when he filed his motion to amend his petition on November 17, 2004. After reviewing the record, we cannot say that Hughes' motion is wholly without merit. The Board asserted that Hughes' petition was defective for two reasons: (1) he failed to demonstrate that he filed his petition within the sixty-day limit allowed by section 27-9-102 of the Tennessee Code, and (2) he failed to certify that his petition constituted his first application for a writ of certiorari as required by section 27-8-106 of the Tennessee Code.[7] On October 19, 2004, the chancery court entered an order giving Hughes until January 18, 2005 to correct these defects. On November 17, 2004, well within the time permitted by the chancery court, Hughes filed a motion to amend his petition. Therein, in an effort to comply with section 27-8-106 of the Tennessee Code, he asserted that this was his first application for a common law writ of certiorari. Moreover, in an effort to comply with section 27-9-102 of the Tennessee Code, he submitted two exhibits with his motion: (1) a copy of his request for an administrative appeal of the Board's decision, and (2) a copy of a letter from the Board dated November 12, 2003 denying his administrative appeal. Strangely, the chancery court entered an order on March 7, 2005 holding that "[a]s of the date of this order, [Hughes] has not filed the documentation as required in the order of October 19, 2004." In any event, we need not decide whether Hughes' motion to alter or amend the judgment should be granted. This is an issue properly left to the trial court's discretion. *See Lee*, 2005 Tenn. App. LEXIS 26, at *22.

---

[7] In its motion to dismiss, the Board argued that Hughes filed his petition in an incorrect venue. On appeal, the Board now concedes that Hughes did not file his petition in an incorrect venue when he submitted it to the Chancery Court of Davidson County. Thus, Hughes needed only to cure the aforementioned defects in order to avoid a dismissal of his petition.

It is apparent from the record before this Court on appeal that Hughes' motion is, in substance, a motion to alter or amend the judgment of the chancery court filed pursuant to Rule 59.04 of the Tennessee Rules of Civil Procedure. "[C]ertain post-trial motions, such as a motion to alter or amend pursuant to Tennessee Rule of Civil Procedure 59.04, if timely filed, toll commencement of the thirty-day period until an order granting or denying the motion is entered." *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn. 2004) (citations omitted); *see also Binkley v. Medling*, 117 S.W.3d 252, 255 (Tenn. 2003). Accordingly, we remand this case to the chancery court for resolution of the Appellant's post-trial motion. Costs of this appeal are to be taxed equally to the Appellant, Ronald D. Hughes, and the Appellee, the Tennessee Board of Probation and Parole, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, JUDGE