# IN THE SUPREME COURT OF TENNESSEE
## AT KNOXVILLE

TENNESSEE FARMERS MUTUAL,
INSURANCE COMPANY

    Plaintiff/Appellee,

v.

JOSEPH A. FARMER and wife
DEBRA J. FARMER,

    Defendants/Appellants.

**FOR PUBLICATION**

**Filed: June 22, 1998**

Knox Chancery

Hon. Frederick D. McDonald,
Chancellor

Appeal No.
03S01-9707-CH-00081

FILED

June 22, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

**For Defendants/Appellants:**

Norbert J. Slovis
Douglas C. Weinstein
LOCKETT, SLOVIS & WEAVER
Knoxville, Tennessee

**For Plaintiff/Appellee**

Robert W. Knolton
KRAMER, RAYSON, LEAKE,
RODGERS & MORGAN
Oak Ridge, Tennessee

# O P I N I O N

COURT OF APPEALS REVERSED;
CASE REMANDED
TO COURT OF APPEALS.

DROWOTA, J.

We granted this appeal to determine whether or not the Court of Appeals erred in finding that the "Motion to Reconsider" filed by the defendant, Debra Farmer, was not sufficient to allow the trial court to retain jurisdiction. We conclude that the "Motion to Reconsider" was in substance a Rule 59.04, Tenn. R. Civ. P., motion to alter or amend the judgment which allowed the trial court to retain jurisdiction of the cause and which tolled commencement of the time for filing a notice of appeal until entry of an order granting or denying the motion. Accordingly, we reverse the judgment of the Court of Appeals which held that the "Motion to Reconsider" is not authorized by the Rules of Civil Procedure and will not serve to extend the appellate process and remand to the Court of Appeals for further proceedings consistent with this decision.

## FACTUAL BACKGROUND

The defendants, Debra and Joseph Farmer, were injured in a car accident on March 28, 1989. The plaintiff, Tennessee Farmers Mutual Insurance Company, their automobile insurance carrier, paid the medical expenses incurred by the Farmers. Thereafter, the defendants filed suit and obtained a recovery against the third party tortfeasor involved in the accident. When Tennessee Farmers asserted its subrogation rights, Joseph Farmer reimbursed it for the medical payments it had made on his behalf, but Debra Farmer refused to reimburse Tennessee Farmers, asserting that she had not been made whole by the recovery from the third party tortfeasor.

Tennessee Farmers filed a declaratory judgment action seeking a determination of its subrogation rights against Debra Farmer. On June 23, 1995, the

trial court held that Tennessee Farmers was entitled to reimbursement for medical expenses it had paid on behalf of Debra Farmer. Less than thirty days later, on July 20, 1995, Debra Farmer filed a "Motion to Reconsider," in which she requested that the trial court alter or amend its judgment to find in her favor. After a hearing, the Chancellor granted the motion, finding that Debra Farmer had not been made whole by the recovery against the third party tortfeasor and ruling that Tennessee Farmers had no right of subrogation against that recovery. The Chancellor entered the order reflecting the altered judgment on August 7, 1996.

On August 29, 1996, within thirty days of the trial court's entry of the order, Tennessee Farmers filed a notice of appeal to the Court of Appeals. The parties filed their briefs, and upon mutual consent, waived oral argument and submitted the matter to the Court of Appeals for decision on the briefs alone.

The Court of Appeals issued an opinion in which it vacated the trial court's judgment of August 7, 1996 and reinstated the trial court's initial judgment of June 23, 1995 in favor of Tennessee Farmers. In so holding, the Court of Appeals found that the trial court's initial declaratory judgment became final thirty days after its entry because the "Motion to Reconsider" is not designated by the applicable rules of civil and appellate procedure as one which tolls commencement of the thirty day period within which a notice of appeal must be filed.

Thereafter we granted permission to appeal, and for the reasons herein explained, now reverse the judgment of the Court of Appeals.

-3-

## ANALYSIS

We begin our analysis of this issue with Rule 4(a), Tenn. R. App. P., which requires, in an appeal as of right, that a notice of appeal be "filed with and received by the clerk of the trial court within 30 days after the date of entry of the judgment appealed from; . . . ." However, subsection (b) of Rule 4 specifies that, if timely filed, certain post-trial motions will toll commencement of the thirty day period until the date on which an order is entered granting or denying the motion. Subsection (b) of Rule 4 provides as follows:

> In a civil action, if a timely motion under the Tennessee Rules of Civil Procedure is filed in the trial court by any party: (1) under Rule 50.02 for judgment in accordance with a motion for a directed verdict; (2) under Rule 52.02 to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted; (3) under Rule 59.02 for a new trial; (4) <u>under Rule 59.04 to alter or amend the judgment; the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any such motion.</u>

(Emphasis added). This principle is reiterated in Rule 59.01, Tenn. R. Civ. P., which provides:

> Motions to which this rule is applicable are (1) under Rule 50.02 for judgment in accordance with a motion for a directed verdict; (2) under Rule 50.02 to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted; (3) under Rule 59.02 for a new trial; or (4) <u>under Rule 59.04 to alter or amend the judgment. These motions are the only motions contemplated in these rules for extending the time for taking steps in the regular appellate process. Motions to reconsider any of these motions are not authorized and will not operate to extend the time for appellate proceedings.</u>

(Emphasis added.) Rule 59.04, Tenn. R. Civ. P., provides that "[a] motion to alter or amend a judgment shall be filed and served within (30) days after the entry of judgment."

-4-

In this Court, Debra Farmer asserts that the decision of the Court of Appeals was an overly technical application of these rules which considered the form rather than the substance of the motion. She argues that despite its title, the "Motion to Reconsider" was in substance a Rule 59.04 motion to alter or amend the trial court's judgment. She asserts that its filing within thirty days of entry of the trial court's initial judgment tolled commencement of the time for filing a notice of appeal until the date on which an order was entered granting or denying the motion. In contrast, Tennessee Farmers argues that the Court of Appeals' judgment should be affirmed because a "Motion to Reconsider" is not listed in the applicable rules of civil and appellate procedure as one which tolls commencement of the thirty day period for filing a notice of appeal.

If we were to consider only the form of the motion filed by Debra Farmer, Tennessee Farmers would prevail in this appeal because the title "motion to reconsider" is not included among those which toll commencement of the time for filing a notice of appeal. However, courts must consider the substance of a motion in determining whether it is in fact one of the specified post-trial motions which toll commencement of the time.

This rule was applied in Bemis Co. Inc. v. Hines, 585 S.W.2d 574, 575 (Tenn. 1979), in which the plaintiff had filed a written "Motion to Set Aside Decree and Restore the Cause to the Docket." Although commenting that "neither the title nor the format of the motion bears a striking resemblance to the usual motion for new trial," this Court found it to be "clearly ascertainable from a reading of the motion that, in substance, . . ." it was a motion for a new trial.

This rule was also applied by the Court of Appeals in <u>Hawkins v. Hawkins</u>, 883 S.W.2d 622 (Tenn. App. 1994), a case factually similar to this one. There the plaintiff filed a written post-trial motion which she designated as a "Motion to Reconsider." The Court of Appeals noted, "[t]hough she called it a motion to reconsider, 'it is clearly ascertainable from a reading of the motion that, in substance,' it amounts to a motion to alter." <u>Id</u>. at 624, <u>quoting</u> <u>Bemis Co. Inc.</u>, 585 S.W.2d at 575.

Requiring courts to consider the substance of a post-trial motion, rather than its form, is consistent with the rules of civil procedure. Rule 8.05, Tenn. R. Civ. P., explicitly states that "[n]o technical forms of pleading <u>or motions</u> are required." (Emphasis added.) Moreover, allowing the form of a motion to control its substance could result in the dismissal of many appeals and would, in turn, defeat the mandate of Rule 1, Tenn. R. App. P., which instructs that the rules of appellate procedure are to be "construed to secure the just, speedy, and inexpensive determination of every proceeding on its merits." Accordingly, we hold that when determining whether a post-trial motion is one of those designated by the rules of civil and appellate procedure as tolling commencement of the time for filing a notice of appeal, courts must consider the substance of the motion, rather than its form. To avoid confusion, however, attorneys filing post-trial motions should utilize the titles referenced in Rule 4, Tenn. R. App. P. and Rule 59.01, Tenn. R. Civ. P.

Applying this rule, we conclude that the "Motion to Reconsider" filed in this case by Debra Farmer is in substance a Rule 59.04 motion to alter or amend the

initial judgment of the trial court.[1]  Since the motion was timely filed within thirty days of the initial judgment of the trial court, the Chancellor retained jurisdiction to act on the motion and the thirty day time period for filing a notice of appeal did not commence until the trial court entered the August 7, 1996 order granting the motion. The Court of Appeals' decision reversing and vacating the Chancellor's final order of August 7, 1996 and reinstating the June 23, 1995 order in plaintiff's favor was erroneous.

## CONCLUSION

For the reasons previously stated, we reverse the judgment of the Court of Appeals which reinstated the initial judgment of the trial court.  We remand this case to the Court of Appeals for a determination of the pretermitted issues of the plaintiff's appeal from the judgment of the trial court entered August 7, 1996.

_____
FRANK F. DROWOTA, III,
JUSTICE

**Concur:**

Anderson, C. J.
Birch, Holder, Barker, JJ.

---

[1]We emphasize that the "Motion to Reconsider" at issue in this appeal was <u>not</u> a motion to reconsider a previously decided motion under Rule 59.01, Tenn. R. Civ. P.  Indeed, that rule specifically provides that motions to reconsider previously decided post-trial motions are "not authorized and will not operate to extend the time for appellate proceedings."  Rule 59.01, Tenn. R. Civ. P.; <u>see also</u> <u>Daugherty v. Lumbermen's Underwriting Alliance</u>, 798 S.W.2d 754, 755 (Tenn. 1990) (holding that the filing of a motion to reconsider the denial of a motion for new trial does not toll commencement of the time for filing a notice of appeal).