IN THE COURT OF APPEALS OF TENNESSEE

AT KNOXVILLE

FILED

February 25, 2000

Cecil Crowson, Jr.
Appellate Court Clerk

E1999-00205-COA-R3-CV

| | |
|---|---|
| STATE OF TENNESSEE, EX REL., ) | C/A NO. 03A01-9906-JV-00209 |
| MICKEY PHILLIPS, ) | |
| ) | |
| Plaintiff-Appellee, ) | |
| ) | |
| ) | |
| ) | APPEAL AS OF RIGHT FROM THE |
| v. ) | ANDERSON COUNTY JUVENILE COURT |
| ) | |
| ) | |
| ) | |
| GWEN KNOX, ) | |
| ) | HONORABLE PATRICIA HESS, |
| Defendant-Appellant.) | JUDGE |

For Appellant                    For Appellee

DR. MICHAEL A. S. GUTH           PAUL G. SUMMERS
Oak Ridge, Tennessee             Attorney General and Reporter
                                 Nashville, Tennessee

                                 DOUGLAS EARL DIMOND
                                 Assistant Attorney General
                                 Nashville, Tennessee

O P I N I O N

VACATED AND REMANDED                          Susano, J.

1

This appeal arises out of an order of the Anderson County Juvenile Court finding the defendant Gwen Knox in contempt for failing to pay child support. Within 30 days of the entry of the order, Knox filed a petition that she entitled "Respondent's Second Petition to Vacate and Modify the Court's Orders." The trial court dismissed the petition because it found that there was no authority allowing a "[s]econd petition" to be filed. Knox appeals the dismissal of her petition. Because we construe Knox's petition to be one pursuant to Rule 59.04, Tenn.R.Civ.P., *i.e.*, a motion to alter or amend the trial court's order of February 4, 1999, we vacate the trial court's order of dismissal and remand this case for further proceedings.[1]

I.

The record before us does not contain a transcript or statement of the evidence. Therefore, our review in this case is limited to the pleadings and orders transmitted to us by the clerk of the trial court. We must determine if that record reflects reversible error on its face.

This case arises from a child custody dispute between Knox and Mickey Phillips ("Father"), the parents of Kelly Ann Phillips (DOB: January 28, 1989). In an order entered February 28, 1996, the trial court granted Father custody of Kelly. On September 24, 1996, the State of Tennessee, as Father's assignee, filed a petition seeking to modify the order of custody to include an award of child support to Father. On February 18,

---

[1]In view of our decision in this case, we do not find it necessary to address the seven other issues raised by Knox, all of which pertain to the validity of the trial court's finding of contempt.

1997, the trial court granted the State's petition and ordered Knox to pay child support of $100 per month.

In early 1998,[2] Knox filed a document entitled "Petition to Vacate or Modify Order," in which Knox asked the trial court to vacate the order directing her to pay child support. On April 13, 1998, the State filed a petition for contempt against Knox based upon her alleged failure to pay child support. A hearing was scheduled on the pending matters for September 10, 1998. Knox, however, failed to appear on this date. On November 13, 1998, the trial court issued an order of attachment for Knox.

On February 4, 1999, a contempt hearing was held. Following the hearing, the trial court opined as follows:

> The Court finds [Knox] in willful contempt due to the fact that she has had jobs and earned money and failed to pay support. Court finds her testimony to be of questionable credibility. She is able bodied and has 2 sources of child care for her 3 children while she works (her mother and DCS benefits). The Motion to Vacate or Modify Support is denied since [Knox] is capable of working.

The trial court ordered Knox to be jailed for 30 days. The court further ordered that Knox could purge herself of contempt by paying $1,000 on the child support arrearage.

On March 2, 1999, within 30 days of the order of February 4, 1999, Knox filed the petition referred to in the

_____

[2]The petition is not dated nor does it bear a date stamp; however, it appears from its location in the record that the petition was filed in either January or February, 1998.

3

first paragraph of this opinion, in which Knox alleges that the February 4, 1999, contempt hearing violated her constitutional rights. The trial court dismissed this petition on May 21, 1999, finding as follows:

> No authority is offered, nor does the Court know of any authority which would allow a Second petition of this type to be filed. The prior order stated that the "First" petition or request to modify or vacate was denied. The Court does not reach any other issues raised due to this procedural issue which is dispositive.

This appeal followed.

II.

The apparent basis for the trial court's dismissal of Knox's petition was the court's perception that the petition was another attempt by Knox to challenge the trial court's initial order directing her to pay child support. We do not agree with the trial court's interpretation of this pleading. In construing post-judgment motions, substance must prevail over form. *Tennessee Farmers Mut. Ins. Co. v. Farmer,* 970 S.W.2d 453, 455 (Tenn. 1998). Upon reviewing Knox's "[s]econd petition", we find that this pleading is, in substance, a motion to alter or amend *the order of the trial court finding Knox in contempt.* *See* Rule 59.04, Tenn.R.Civ.P. Knox properly filed this pleading within thirty days of the entry of the challenged order. *See* Rule 59.02, Tenn.R.Civ.P. Accordingly, we hold that the trial court erred in failing to consider Knox's post-judgment pleading. The trial court should have ignored the misnomer of Knox's pleading and focused instead on the substance of that document. To the extent that it challenges the correctness of the February 4,

4

1999, order finding her in contempt, it was properly filed and should have been considered by the trial court. We now remand for this purpose.

## III.

In accordance with the above analysis, we vacate the trial court's dismissal of Knox's post-judgment pleading and remand this case to the court below for further proceedings. Costs on appeal are taxed to the appellee.

_____
Charles D. Susano, Jr., J.

CONCUR:

_____
Herschel P. Franks, J.

_____
D. Michael Swiney, J.