IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 10, 2001

## THOMAS W. HARRISON, ET AL. v. EARL LAURSEN, ET AL.

**Appeal from the Chancery Court for Giles County**
**No. 7581     Robert L. Jones, Chancellor**

---

**No. M2001-00073-COA-R3-CV - Filed January 22, 2002**

---

This appeal involves pre-judgment interest on unpaid attorney's fees. The defendants owed the law firm attorney's fees alleged to be in the amount of $16,544.52 that accrued between November 1990 to April 1993. In 1996, the parties orally agreed to a lesser payment of $7,000.00 in settlement of the larger debt. The defendants paid $1,500.00 but failed to pay the remaining balance owed. The trial court ordered Defendants to pay pre-judgment interest on the unpaid fees and Defendants appeal. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

WILLIAM B. CAIN, J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J., M.S. and PATRICIA J. COTTRELL, J., joined.

Earl and Dolorita Laursen, Pulaski, Tennessee, Pro Se.

Thomas H. Peebles, Columbia, Tennessee, for the appellees, Thomas W. Harrison, Terry Harrison and Brenda Harrison Kenamore.

### OPINION

In this action, the defendants hired Waller Lansden Dortch & Davis (hereinafter referred to as "Waller") to represent them in a lawsuit. Attorney Thomas H. Peebles, IV, an attorney with Waller, was attorney of record from November 1990 to April 1993. Waller sought to enforce an attorney's lien against the defendants for attorney's fees in the amount of $16,544.52. Attorney Peebles filed an attorney's lien on behalf of Waller on May 10, 1993 for $16,544.52.

On October 14, 1996, Attorney Peebles and the defendants orally agreed to a lesser payment of $7,000.00 in settlement of the larger debt. Defendant Earl Laursen wrote a check to Waller for $1,500.00 leaving a remaining balance of $5,500.00. No payment has been made since that time. The defendants assert that they intended to pay the remaining balance when they recovered from the lawsuit. Waller maintains the remaining balance was to be paid within a short period of time after

receipt of the initial $1,500.00 payment. Waller sought pre-judgment interest on the amount of attorney's fees owed.

On August 30, 2000, the trial court ruled that the lien was enforceable and judgment was granted in favor of Waller in the amount of $5,500.00 plus pre-judgment interest at 10% per annum accruing from November 14, 1996 until paid.

On September 7, 2000, the defendants filed a "Motion for Reconsideration, Modification, or to Set Aside the Judgment" requesting the court to modify or set aside the order of August 23, 2000 awarding Waller pre-judgment interest. Notice of appeal was filed on November 30, 2000. We acknowledge that the initial question before this court is whether we have jurisdiction to consider the appeal of the August 30, 2000 order denying the appellant's motion to reconsider and whether the filing of this post-judgment motion tolled the thirty day time period in which to file a notice of appeal.

Waller submits that the defendants failed to file their appeal within the thirty day time limitation pursuant to Rule 4(a) of the Rules of Appellate Procedure. Further, Waller argues that the defendants' post-judgment motion is not sufficient under Rule 59.01 of the Tennessee Rules of Civil Procedure to toll the time for a notice of appeal. "Courts must consider the substance of a motion in determining whether it is in fact one of the specified post-trial motions which toll commencement of the time." *Tennessee Farmers Mut. Ins. Co. v. Farmer*, 970 S.W.2d 453, 455 (Tenn. 1998). We conclude that the motion was in substance a Rule 59.04 motion to alter or amend the judgment which allowed the trial court to retain jurisdiction of the cause and tolled the time for filing a notice of appeal.

The defendants concede that they owe Waller the sum of $5,500.00. The issue before this Court is whether the trial court properly awarded Waller pre-judgment interest. The trial court awarded pre-judgment interest in this case stating:

> The Court considered the oral argument of Thomas H. Peebles, IV, the oral argument of Earl Laursen, the Affidavits of Thomas H. Peebles, IV, and Leah Fuller, as well as the entire file in this cause of action, from all which the Court finds that the law firm of Waller Lansden has a legitimate lien on the proceeds presently being held by this Court in the amount of $16,544.52, but that the sum of $1,500.00 was paid to Waller Lansden on October 14, 1996, thereby reducing said lien to the sum of $15,044.52. The Court further finds that although the law firm of Waller Lansden agreed to accept a compromised figure of $7,000.00 on 10/14/96, this agreement was predicated upon the representation that said amount would be promptly paid, but that only $1,500.00 was paid to Waller Lansden on 10/14/96, leaving a balance of $5,500.00, which Mr. and Mrs. Laursen have never paid. Instead of honoring their agreement to promptly pay the balance owed, the Court finds that Mr. and Mrs. Laursen attempted to cheat the law firm of Waller Lansden by attempting to obtain

a full release from Mr. Peebles' secretary without paying therefor and by leading Mr. Peebles to believe that funds were being held by the Court which did not exist. . . .

ORDERED, ADJUDGED and DECREED that the motion of Waller Lansden for enforcement of its lien is well-taken and should be granted and that the law firm of Waller Lansden is hereby granted judgment in the amount of $5,500.00 together with interest at the rate of 10% per annum from November 14, 1996 until paid.

Our review of this appeal is to determine whether the trial court based its decision on applicable legal principles and whether the decision is consistent with the evidence. *Scholz v. S.B. International, Inc*., 40 S.W.3d 78, 82-83; *Myint v. Allstate Ins. Co.*, 970 S.W.2d at 927; Overstreet v. Shoney's, Inc., 4 S.W.3d 694, 709 (Tenn. Ct. App.1999).

The defendants submit that the trial court abused its discretion by awarding pre-judgment interest in this case arguing that the facts of this case show that there was nothing in the contract of settlement that provided interest would be paid. The trial court held that the agreement to compromise the claim by accepting $7,000.00 instead of the lien amount of $16,544.52 was predicated on the representation of the Laursens that it would be promptly paid. The evidence provides no indication to the contrary. T.R.A.P. 13(d). An award of pre-judgment interest is within the sound discretion of the trial court. *Myint v. Allstate Ins. Co.*, 970 S.W.2d 920, 927 (Tenn. 1998) (citing *Spencer v. A-1 Crane Service, Inc.*, 880 S.W.2d 938, 944 (Tenn. 1994); *Otis v. Cambridge Mut. Fire Ins. Co.*, 850 S.W.2d 439, 446 (Tenn. 1992)); Tenn. Code Ann. §47-14-123 (2001). A trial court's decision to award pre-judgment interest may be overturned by an appellate court only upon a finding of a manifest and palpable abuse of discretion. *Id.*

Tennessee Code Annotated section 47-14-123 provides that "prejudgment interest . . . may be awarded by courts or juries in accordance with the principles of equity at any rate not in excess of a maximum effective rate of ten percent (10%) per annum. . . ." Tenn. Code Ann. §47-14-123 (2001). The court in *Myint* held that principles of equity are foremost in determining whether to award pre-judgment interest. *Id.* "Simply stated, the court must decide whether the award of pre-judgment interest is fair, given the particular circumstances of the case. In reaching an equitable decision, a court must keep in mind that the purpose of awarding the interest is to compensate a plaintiff for the loss of the use of funds to which he or she was legally entitled, not to penalize the defendant for wrongdoing." *Scholz.*, 40 S.W.3d at 83.

As a matter of equity, pre-judgment interest is fair and proper under the circumstances of this case. Examination of the record reveals that the amount of the unpaid attorney's fees was known and conceded by the defendants. The defendants agreed to pay the remaining $5,500.00 balance promptly after the initial payment and failed to do so. Further, the defendants attempted to obtain a full release from Mr Peebles' secretary without paying the debt and lead Mr. Peebles to believe the funds were being held by the court. Therefore, we affirm the trial court's award of pre-judgment interest.

The trial court's award of pre-judgment interest is not a manifest and palpable abuse of discretion. Accordingly, the award of pre-judgment interest is affirmed. Costs on appeal are taxed to appellants for which execution may issue if necessary.

_____
WILLIAM B. CAIN, JUDGE