IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Submitted on Briefs, April 18, 2002

# TRUAN MEEK v. EARL HALL, d/b/a HALL REALTY AND AUCTION COMPANY

**Direct Appeal from the Circuit Court for Blount County**
**No. L-12721     Hon. W. Dale Young, Circuit Judge**

**JUNE 4, 2002**

**No. E2001-02474-COA-R3-CV**

Sessions Court entered default judgment against defendant. Defendant attempted to appeal to Circuit Court where that Court held appeal was not timely and Court had no jurisdiction. We vacate and remand.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Vacated and Remanded.**

HERSCHEL PICKENS FRANKS, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

Timothy P. Coode, Knoxville, Tennessee, for Appellant.

Jack W. Piper, Jr., Knoxville, Tennessee, for Appellee.

## OPINION

Plaintiff filed an action in General Sessions Court, and a default judgment was granted to the plaintiff against the defendant on October 25, 2000. A Motion to Vacate that Judgment was filed on November 27, 2000, contending defendant's lawyer was tied up in traffic and did not appear in court at the appointed time. The Motion was overruled by Order of February 28, 2001.

Defendant then filed an Appeal Bond dated March 13, 2001, and appealed the case to Circuit Court. The Circuit Court entered Judgment on June 4, 2001, stating the Court had heard arguments of counsel and had considered the "stipulation as to the facts that were apparent from the

record", and found that the Motion to Vacate the Default Judgment was not filed in the Sessions Court clerk's office within ten days following the entry of judgment, and that the Circuit Court lacked jurisdiction in the case and remanded it back to the Sessions Court for enforcement of the Judgment.

Defendant then filed a Motion to Reconsider on July 2, 2001. The Circuit Court conducted another hearing on August 10, 2001, and then entered an Order on September 12, 2001, finding that the Motion to Reconsider did not contain any new factual or legal basis for the Court to reverse its prior ruling, and concluded that the Motion to Reconsider had caused unnecessary delay and increased costs, and he awarded attorney's fees to the plaintiff which were adjudged against the defendant. Notice of an Appeal was filed on October 8, 2001.

As we understand defendant's argument, he seems to insist that his appeal from Sessions Court to the Circuit Court was timely, or alternatively that the Circuit Judge refused to give him Tenn. R. Civ. P. 60 relief.

In addition to making bond for the purposes of appeal from Sessions Court, the defendant filed a document in Circuit Court styled: Brief in Support of Motion to Vacate Judgment under Tenn. R. Civ. P. 60.02, which set forth grounds that he contends should entitle him to have the Judgment entered in Sessions Court set aside, and the matter reset for hearing. The defendant also filed an affidavit making oath to the facts set forth in the document.

Court pleadings are construed based upon their substance and not their title. *See Starks v. Browning*, 20 S.W.3d 645 (Tenn. Ct. App. 1999). In this case, a Motion for Rule 60.02 relief will not lie. *See* Rule 1, Tenn. R. Civ. P. However, we believe the substantive requirements of a Petition for Certiorari are satisfied. Accordingly, we hold that the Trial Court had jurisdiction to entertain the application.

Plaintiff argues that defendant did not timely file a notice of appeal to this Court. He argues a Motion to Reconsider is not appropriate because such Motion is not one of the Motions recognized by Tenn. R. Civ. P. 59.01 that tolls the time for taking steps in the regular appellate process.

Judge Koch, in *Jimmy Joe Savage, et a., v. Don Hildenbrandt*, Court of Appeals, Middle Section at Nashville, 2001 Tenn. App. LEXIS 661, September 6, 2001, said:

> Tenn. R. Civ. P. 59.01 does not contain a blanket prohibition against all motions to reconsider. Rather, it provides that motions to reconsider any of the motions permitted by Tenn. R. Civ. P. 59 are not authorized.
>
> . . .
>
> Regrettably, some lawyers continue to call their Tenn. R. Civ. P. 59.04 motions

"motions to reconsider", despite our repeated warnings of the confusion this practice causes. However, the Court must judge motions by their substance, rather than their title. (Citations Omitted). Accordingly, the appellate courts have repeatedly held that initial post-judgment motions called motions to reconsider, should be treated as Tenn. R. Civ. P. 59.04 motions if they request the sort of relief available through motions to alter or amend. *Harris v. Chern*, 33 S.W.3d 741, 743 (Tenn. 2000); *Tennessee Farmers Mut. Ins. Co., v. Farmer*, 970 S.W.2d 453, 455; *Willingham v. Gallatin Group, Inc.,* 2001 Tenn. App. LEXIS 99, *No. M1998-00990-C0A-R3-CV, 2001 WL 134599*, AT \*1 N.3 (Tenn. Ct. App. Feb. 16, 2001). (No Tenn. R. App. P. 11 application filed).

We hold defendant's Motion tolled the time for filing a notice of appeal because relief was sought compatible with motions to alter or amend and that the notice was timely filed from the date the Court overruled defendant's Motion.

We hold that the Trial Court has jurisdiction to consider the issues raised by defendant in that Court. Accordingly, we remand the case to the Circuit Court for further proceedings.

The cost of the appeal is assessed one-half against Truan Meek and one-half against Earl Hall.

_____
HERSCHEL PICKENS FRANKS, J.