IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
April 18, 2006 Session

## MICHAEL A. SULLIVAN, ON BEHALF OF HIMSELF AND OTHERS SIMILARLY SITUATED UNDER T.C.A. 29-21-104 v. KAREN WATSON, ET AL.

**Direct Appeal from the Circuit Court for Williamson County**
**No. 1-CR-08554-04-2205-III    Russ Heldman, Judge**

_____

**No. M2005-02061-CCA-R3-HC - Filed December 14, 2006**

_____

The petitioner, Michael A. Sullivan, filed an application for habeas corpus relief in the Williamson County Circuit Court to challenge his conviction in the Williamson County General Sessions Court for sixth offense driving on a revoked license. He was sentenced to 11 months, 29 days, with all but 65 days suspended on supervised probation. He contends that Tennessee Rule of Civil Procedure 5(c) and Tennessee Code Annotated sections 40-1-109 and 40-3-101 are unconstitutional and should not allow a defendant to waive an indictment. After careful review of the record, we conclude no grounds exist for granting habeas corpus relief and we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and DAVID H. WELLES, JJ., joined.

John Jay Hooker, Nashville, Tennessee, for the appellant, Michael Sullivan.

Paul G. Summers, Attorney General and Reporter, and John H. Bledsoe, Assistant Attorney General, for the appellee, State of Tennessee.

**OPINION**

First, the State argues that the petitioner's notice of appeal should be dismissed as untimely. In support of its argument, the State asserts that the petitioner must have filed his notice of appeal within thirty days of the judgment or order appealed from. Here, the trial court entered an order of dismissal on February 17, 2005, and an amended order of dismissal on February 24, 2005. Thereafter, the petitioner filed a "Motion and Memorandum to Alter and Amend the Amended Order of Dismissal of February 24, 2005, Declare T.C.A. 40-1-109 and Tennessee Rule of Criminal

Procedure 5(c) Unconstitutional, and Declare the Judgment of the General Sessions Court Void," instead of a notice of appeal.

An appeal as of right is initiated by the filing of a notice of appeal, Tenn. R. App. P. 3(e), within thirty days of the entry of the judgment being appealed. Tenn. R. App. P. 4(a). However, if a timely motion for: (1) judgment of acquittal, (2) a new trial, (3) arrest of judgment, or (4) a suspended sentence is filed, the thirty-day time period begins at the entry of the order determining such motion or motions. Tenn. R. App. P. 4(c). No other motion, including one for rehearing, is allowed to suspend the running of the appeal time from the entry of the judgment. State v. Bilbrey, 816 S.W.2d 71, 74 (Tenn. Crim. App. 1991).

This court has noted that "there is no provision in the Tennessee Rules of Criminal Procedure for a 'petition to reconsider' or a 'petition to rehear.'" State v. Ryan, 756 S.W.2d 284, 285, n.2 (Tenn. Crim. App. 1988). Therefore, a petition like the defendant's "Motion and Memorandum to Alter and Amend the Amended Order of Dismissal of February 24, 2005, Declare T.C.A. 40-1-109 and Tennessee Rule of Criminal Procedure 5(c) Unconstitutional, and Declare the Judgment of the General Sessions Court Void" does not serve to toll the filing of a timely notice of appeal. The petitioner did not file a notice of appeal until August 11, 2005, subsequent to the trial court's denial of his motion to alter or amend on July 19, 2005. The State argues that the petitioner's appeal should be dismissed as the notice of appeal was not timely filed.

Pursuant to Tennessee Rule of Appellate Procedure 4(a), the notice of appeal shall be filed within thirty days after the date of entry of the judgment appealed from. It is obvious from the record that the petitioner's notice of appeal was filed late.

Here, the application for habeas corpus and a memorandum of law was filed in the Williamson County Circuit Court on August 27, 2004, to challenge the petitioner's May 26, 2004, guilty plea conviction for sixth offense driving on a revoked license. On September 2, 2004, the Circuit Court judge deemed the application inadequate and incomplete and afforded the petitioner seven days to amend his application. The petitioner filed an amended application, and the State responded in opposition to the petitioner's claims. The trial court conducted a hearing on the petitioner's application, and the petitioner filed a post-hearing memorandum of law on September 30, 2004. The State filed a post-hearing brief on October 4, 2004, and the petitioner filed a response brief on October 6, 2004. The trial court dismissed the petitioner's application by order on February 17, 2005, and filed an amended order of dismissal on February 24, 2005.

Instead of filing a notice of appeal, the petitioner filed a motion and memorandum to reconsider on March 9, 2005. The trial court ordered the State to file a response, and it did so in opposition to the petitioner's motion. The petitioner filed a reply to this response on April 7, 2005. After conducting a hearing on the petitioner's motion, both parties filed post-hearing briefs on June 13, 2005. The trial court entered an order denying the petitioner's motion on July 19, 2005, and reaffirmed its February 24, 2005 amended order of dismissal. The petitioner filed a notice of appeal

on August 11, 2005, and the State responded by filing a motion to dismiss which was denied by this court.

The petitioner stated in his August 11, 2005 notice of appeal that he was appealing from an order entered July 11, 2005. The thirty days for filing a notice of appeal ended in March 2005, unless the petitioner filed one of the motions listed in Tennessee Rule of Appellate Procedure 4(c). In reviewing the petitioner's motion to alter or amend, the court must consider the substance of the motion in determining whether it is, in fact, one of the specified post-trial motions which toll the commencement of the time period. See Tenn. Farmers Mut. Ins. Co. v. Farmer, 970 S.W.2d 453, 455 (Tenn. 1998). Applying this rule, we conclude that the petitioner's "motion to alter or amend" did not toll the commencement of the thirty-day period and, therefore, the notice of appeal was not timely filed.

However, the filing of the notice of appeal document may be waived "in the interest of justice." Tenn. R. App. P. 4(a). In determining whether waiver is appropriate, the court shall consider the nature of the issues for review, the reasons for the delay in seeking relief, and other relevant factors presented in each case. Coulter v. State, No. M2002-02688-CCA-R3-PC, 2003 Tenn. Crim. App. LEXIS 895, **4-5 (Tenn. Crim. App., at Nashville, Oct. 21, 2003).

In his brief, the petitioner has not addressed the issue of failing to timely file notice of appeal. He has not filed a motion with this court seeking to be excused from the requirement of making a timely notice of appeal. We must proceed under the assumption that the petitioner believed his filing of the motion to alter or amend tolled the thirty-day filing requirement. We conclude that the time limit was not tolled and that the notice of appeal was not timely filed but, in the interest of justice, we will waive the untimely notice and review the petitioner's issues on the merits.

The remedy of habeas corpus is guaranteed by the Constitution of Tennessee. TENN CONST. art. I, § 15; Ricks v. State, 882 S.W.2d 387, 390 (Tenn. Crim. App. 1994). The central purpose of habeas corpus has been to test the legality of detention. The remedy of habeas corpus is limited in scope and relief and is available only to contest a void judgment or an expired sentence. Archer v. State, 851 S.W.2d 157, 161-62 and 164 (Tenn. 1993).

Habeas corpus relief is codified at Tennessee Code Annotated section 29-21-101, which provides in pertinent part that relief is available when:

> Any person imprisoned or restrained of liberty, under any pretense whatsoever, except in cases specified in Tennessee Code Annotated 29-21-102 [those held under federal authority] may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint.

The term "restrained of his liberty" has been extended to include constructive custody, in addition to physical custody. State ex rel. Dillehay v. White, 398 S.W.2d 737, 738 (Tenn. 1966). Constructive custody is applicable only in those situations where the petitioner may later lose his or her liberty and eventually be incarcerated under the challenged conviction, including where a

-3-

prisoner is on parole, probation, or other form of release. See Hickman v. State, 153 S.W.3d 16, 22-23 (Tenn. 2004).

The Tennessee Supreme Court has held that the only relief that can be given a prisoner in a State habeas corpus proceeding is release or discharge from custody. Ussery v. Avery, 432 S.W.2d 656, 658 (Tenn. 1968); Taylor v. Morgan, 909 S.W.2d 17, 20 (Tenn. Crim. App. 1995). Habeas corpus relief is available only to a petitioner contesting the validity of the judgment under which he is confined. Ussery, 432 S.W.2d at 658. We conclude that the Tennessee habeas corpus statutes are clear that the petitioner seeking habeas relief must be in either actual or constructive custody of the sentence being challenged because the term "restrained of liberty" requires either actual or constructive custody. The record establishes that the petitioner is no longer in actual or constructive custody so we must conclude that the petitioner is not "imprisoned or restrained of his liberty" as required by the habeas corpus statute. His sentence had expired prior to his appeal and, quite simply, habeas relief is not proper to the petitioner. The petitioner has not proven, as he must, that he is presently confined or restrained of his liberty under a void judgment or an expired sentence and further, at the time of his appeal, he was no longer restrained of his liberty because his sentence of probation had expired on May 25, 2005.

The defendant argues that Tennessee Rule of Civil Procedure 5(c) and Tennessee Code Annotated sections 40-1-109 and 40-3-101 are unconstitutional and should not operate to allow a defendant to waive an indictment. The State contends that our supreme court has repeatedly upheld as constitutional the ability of a criminal defendant to waive his or her constitutional right to presentment, indictment, or impeachment and to have a jury assess guilt and set a fine over $50. We agree with the argument of the State.

In support of its argument, the State relies on the decision in Applewhite v. State, 597 S.W.2d 328, 330 (Tenn. Crim. App. 1979), in which this court concluded that the constitutional requirement under Article I, § 14, of the Tennessee Constitution stating, "'no person shall be put to answer any criminal charge but by presentment, indictment, or impeachment', is a personal right which may be waived." Our supreme court has repeatedly held that a defendant has a right to waive his or her constitutional right to presentment, indictment, or impeachment. See State ex rel. McMinn v. Murrell, 98 S.W.2d 105, 106 (Tenn. 1936). We conclude that it is well settled that a defendant may waive his right to presentment, indictment, or impeachment and that this issue is without merit.

The defendant further argues that the trial court in the instant case lacked subject matter jurisdiction to waive the indictment against the defendant. We disagree and turn to the decision in State v. Simmons, 287 S.W.2d 71, 72 (Tenn.1956), where our supreme court concluded that it is constitutional for the general sessions courts to have jurisdiction over misdemeanor criminal offenses upon a defendant's waiver of his or her rights to charge by presentment, indictment, or impeachment and to trial by jury. In his "Amended Application for Writ of Habeas Corpus," the petitioner acknowledged that he waived his right to be charged by indictment. The waiver form is not part of the record on appeal so we conclude by his admission that he waived his rights. Through this waiver

we conclude that he was properly convicted by the trial court.  We find no error for which relief may be granted and affirm the judgment of the trial court.

### Conclusion

Based on the foregoing and the record as a whole, we affirm the judgment of the trial court.

 

 

_____
JOHN EVERETT WILLIAMS, JUDGE