IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
November 17, 2010 Session

## TERESA J. ALLEN v. RANDY C. ALLEN

**Direct Appeal from the Chancery Court for Henry County**
**No. 20777      Ron E. Harmon, Chancellor**

**No. W2010-00920-COA-R3-CV - Filed January 12, 2011**

In this divorce case, Plaintiff and her counsel failed to appear in court on the scheduled date of trial. The trial court held the hearing *ex parte* in their absence. Plaintiff hired new counsel and filed a "Motion to Set Aside Judgment," which we discern to be a motion pursuant to Tenn. R. Civ. P. 59. The trial court held a hearing on the motion; however, Plaintiff failed to offer any evidence explaining her failure to appear on the scheduled trial date. The trial court denied Plaintiff's motion. After reviewing the record, we affirm.

**Tenn. R. App. P. 3. Appeal as of Right; Judgment of the Chancery Court Affirmed**

J. STEVEN STAFFORD, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S., and DAVID R. FARMER, J., joined.

Richard L. Dunlap, III, Paris, Tennessee, for the appellant, Teresa J. Allen.

W. Brown Hawley, II, Paris, Tennessee, for the appellee, Randy C. Allen.

**OPINION**

Plaintiff-Appellant, Teresa J. Allen, filed for divorce from her husband, Defendant-Appellee, Randy C. Allen, on May 9, 2008, in the Chancery Court for Henry County.[1] This divorce complaint was filed by Plaintiff's counsel, Donrua Barnes-Hulsey. The case was set for mediation on July 10, 2009, and notice was sent to Ms. Barnes-Hulsey. Neither Plaintiff nor Ms. Barnes-Hulsey appeared for mediation on that date, and Defendant's counsel moved the trial court to assess attorney's fees and incidental costs for mediation, and also to waive further mediation. Defendant's motion was set to be heard on August 3, 2009, and notice

---

[1]Defendant filed his answer and counter-complaint for divorce on March 16, 2009.

was sent to Ms. Barnes-Hulsey. Neither Plaintiff nor Ms. Barnes-Hulsey were present at the hearing on August 3, 2009, and the trial court ordered Ms. Barnes-Hulsey to show cause why she should not be held in contempt of court.

Ms. Barnes-Hulsey responded to the trial court's show cause order and asserted, *inter alia*, that she had been diagnosed with certain medical disorders which caused her severe pain and rendered her unable to walk; that she decided to close her law office and resolve her remaining cases from home; that her paralegal went on maternity leave; and that an inexperienced office assistant misfiled the notice of mediation. The trial court apparently accepted Ms. Barnes-Hulsey's explanations, and by order dated November 19, 2009, scheduled the case for trial on December 14, 2009. The trial court stated that "the matter at that time will be heard in its entirety and all issues addressed with the understanding that this matter will not be again continued, absent a Court Order, which will include proceeding ex parte if and where necessary." An attached certificate of service certifies that a copy of the November 19 order was mailed to both Plaintiff and Ms. Barnes-Hulsey at their respective last known mailing addresses. By order dated December 3, 2009, the trial court nevertheless continued the matter upon Defendant's request due to a scheduling conflict with a material witness and the fact that neither Plaintiff nor Ms. Barnes-Hulsey had responded to the court's last notice. The trial court reset the trial date for January 4, 2010, and again stated that "the matter at that time will be heard in its entirety and all issues addressed with the understanding that this matter will not be again continued, absent a Court Order, which will include proceeding ex parte if and where necessary." The December 3 order likewise contains a certificate of service certifying that a copy was mailed to both Plaintiff and Ms. Barnes-Hulsey at their respective last known mailing addresses.

Neither Plaintiff nor Ms. Barnes-Hulsey appeared at the hearing on January 4, 2010. The trial court heard the matter *ex parte* and on January 6, 2010, entered the following judgment, which stated in relevant part:

> This cause came on to be heard on this the 4th day of January, 2010, before the Honorable Ron E. Harmon, Chancellor, holding the Chancery Court in and for Henry County at Paris, Tennessee, upon the pleadings, . . . statements of counsel for the Defendant/Counter-Plaintiff (no one having appeared for the Plaintiff/Counter-Defendant), exhibits, the testimony of the Defendant/Counter-Plaintiff . . . , witnesses examined under oath in open Court, and upon the entire record from all of which the Court finds that this matter was set to this day for a hearing on the merits by Court Order, that proper notice of these proceedings were given to counsel for the

Plaintiff/Counter-Defendant, along with added notice to the Plaintiff/Counter-Defendant by United States Mail to her personally, that neither the Plaintiff/Counter-Defendant nor her counsel appeared and that the matter was therefore heard "ex parte."

The court granted Defendant an absolute divorce and classified and divided the parties' property. The court further awarded Defendant attorney's fees in the amount of $9,251.76.

On February 3, 2010, Plaintiff's new counsel, Beth Belew, filed a "Motion to Set Aside Judgment." This motion asserted, *inter alia*, that due to Ms. Barnes-Hulsey's illness and relocation of her office, Plaintiff had last been in contact with her attorney in April 2009. Thus, Plaintiff maintained that she had no knowledge, and had received no notice, of the subsequent proceedings in her case.[2] On February 16, 2010, the trial court held a hearing on Plaintiff's motion and entered an order directing Ms. Barnes-Hulsey to appear in court on March 16, 2010, and "show cause why this Court should not find her in contempt of court and not assess sanctions against her for failing to appear and/or notify the Plaintiff of the final hearing in this matter." At the March 16, 2010, hearing, Ms. Barnes-Hulsey again failed to appear, and Plaintiff declined the court's offer to testify. Following the hearing, the trial court denied Plaintiff's "Motion to Set Aside Judgment" by order dated March 22, 2010, which stated, in relevant part:

> This cause came on to be heard on this the 16th day of March, 2010, before the Honorable Ron E. Harmon, Chancellor, holding the Chancery Court in and for Henry County at Paris, Tennessee, upon the Plaintiff/Counter-Defendant's "Motion To Set Aside Judgment", the Defendant/Counter-Plaintiff's response, the Show Cause Order issued to compel the attendance of Plaintiff/Counter-Defendant's former attorney, Donrua Barnes-Hulsey, who did not appear, the statements and arguments of counsel for the parties, the Plaintiff/Counter-Defendant having declined the Court's offer to testify, and upon the entire record from all of which the Court finds that the Plaintiff/Counter-Defendant's "Motion To Set Aside Judgment" should be overruled with the costs taxed to the

---

[2] Plaintiff has included five sworn affidavits in the appellate record which are discussed in more detail below. We note here that Plaintiff's position in her "Motion to Set Aside Judgment" that she did not receive notice of the January 4 hearing is inconsistent with her sworn affidavit in which she admits that she did receive notice but "confused the date and showed up in [c]ourt on January 5."

Plaintiff/Counter-Defendant for which execution may issue.

Plaintiff obtained new counsel, Richard Dunlap, III, and timely appealed on April 19, 2010, raising the following issue for review, as stated in her brief:

> Did the Trial Court commit error in denying the plaintiff's post-trial motion filed by Beth Belew on February 3, 2010, entitled "Motion to Set Aside Judgment."

This case was tried without a jury. Accordingly, we review the trial court's findings of fact *de novo* with a presumption of correctness, unless the evidence preponderates otherwise. Tenn. R. App. P. 13(d). No presumption of correctness, however, attaches to the trial court's conclusions of law and our review is *de novo*. **Bowden v. Ward**, 27 S.W.3d 913, 916 (Tenn. 2000).

We first note that the record on appeal does not contain a transcript of any of the proceedings in the trial court.[3] Tenn. R. App. P. 24(b) provides that it is the duty of the appellant to prepare "a transcript of such part of the evidence or proceedings as is necessary to convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal." Tenn. R. App. P. 24(c) allows that where a transcript is not available, "the appellant shall prepare a statement of the evidence" which "should convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal." While Plaintiff has included a filing in the record titled "Statement of the Evidence," she has misapprehended the function of a statement of the evidence and, therefore, its requisite form and content. Plaintiff's "Statement of the Evidence" is a sworn affidavit, filed on June 8, 2010, to which she attaches the "written documents constitut[ing] all of the proof that I intend to file in my appeal." These documents include (1) a deposition of Plaintiff taken on March 11, 2010; (2) Ms. Barnes-Hulsey's response to the trial court's show cause order following her absence at the motion hearing on August 3, 2009; and (3) sworn affidavits by the Plaintiff filed April 21, 2010.[4] In the first instance, we stress that a statement of the evidence, pursuant to Tenn. R. App. P. 24, is not a statement of the proof

---

[3]The exhibits offered by Defendant at the January 4 *ex parte* hearing are included in the record on appeal.

[4]Plaintiff's "Statement of the Evidence" claims to attach "The Affidavit of [Plaintiff]," but no affidavit is attached. However, the record includes five sworn affidavits by Plaintiff, each filed April 21, 2010, and we take these affidavits, which are the only affidavits by Plaintiff in the record, to be the one(s) referred to by the "Statement of the Evidence."

that an appellant wishes to present on appeal.[5]  Rather, it is a narrative record, prepared "from the best available means," of what transpired in the lower court proceedings.  Tenn. R. App. P. 24(c); *see also* Lawrence A. Pivnick, Tennessee Circuit Court Practice, Vol. 2, § 30.5 (2010).   Necessarily, then, it follows that a statement of the evidence should refer only to evidence presented to the trial court and should not reference evidence being presented for the first time on appeal.  In this case, Plaintiff's "Statement of the Evidence" consists entirely of documents that were either not before the trial court when it made its decision to deny Plaintiff's motion, or not relevant to that decision.  There is nothing in the record to indicate that Plaintiff's March 11, 2010, deposition was ever introduced in the trial court.  Defendant asserts that the deposition was not introduced before the trial court's order ruling on the motion on March 22, 2010, and the order does not indicate that the court ever considered it.  Likewise,  Plaintiff's affidavits were sworn to and filed on April 21, 2010, almost a month after the trial court entered its order denying the motion.  Furthermore, Ms. Barnes-Hulsey's response to the trial court's show cause order pertained to her absence at a hearing on August 3, 2009, and had no relevance to her failure to appear in court on January 4.  Plaintiff has failed to provide us with a statement "convey[ing] a fair, accurate and complete account of what transpired with respect to those issues that are the bases of an appeal."  Tenn. R. App. P. 24(c).  Consequently,  in cases where no transcript or statement of the evidence is filed, the appellate court is required to presume that the record, had it been properly preserved, would have supported the action of the trial court.  ***Reinhardt v. Neal***, 241 S.W.3d 472, 477 (Tenn. Ct. App. 2007); ***Sherrod v. Wix***, 849 S.W.2d 780, 783 (Tenn. Ct. App. 1992).

Our inquiry would ordinarily end there, with appellate review precluded by Plaintiff's failure to produce an adequate record.  However, because of the unique facts of this case, we choose to continue our analysis.  We must first clarify that the Tennessee Rules of Civil Procedure do not recognize a "Motion to Set Aside Judgment."[6]  Because Plaintiff's motion was filed within thirty days after the entry of the judgment, and because of the substance of

---

[5]This Court's consideration of facts on appeal is limited to those "established by the evidence in the trial court and set forth in the record and any additional facts that may be judicially noticed or are considered pursuant to [Tenn. R. App. P.] 14."  Tenn. R. App. P. 13(c).

[6]Furthermore, we note that Plaintiff incorrectly characterizes the trial court's January 6 judgment as a default judgment.  A default judgment may be awarded "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend."  Tenn. R. Civ. P. 55.01.  "A judgment by default results when the defendant has no defense or does not appear to make it."  ***Ramsey v. Ramsey***, No. E1999-00577-COA-R3-CV, 2000 Tenn. App. LEXIS 601, at *11   (Tenn. Ct. App. Sept. 6, 2000) (quoting 16 Tenn. Juris., Judgments and Decrees, § 79).  In this case, the Plaintiff/Counter-defendant plead her complaint, and her counsel, Ms. Barnes-Hulsey filed motions and made appearances before the court on her behalf.  Consequently, the trial court's judgment in this case cannot be considered a default judgment pursuant to Tenn. R. Civ. P. 55. *See* ***Ramsey***, 2000 Tenn. App. LEXIS 601, at *11; ***Mohan v. Mohan***, No. 01A01-9708-CV-00415, 1998 WL 743332, at *3 (Tenn. Ct. App. Oct. 9, 1998).

the relief sought, it is properly considered as either a Rule 59.02 motion for new trial or a Rule 59.04 motion to alter or amend a judgment.[7] *See* Tenn. R. Civ. P. 59; *see also* ***Tennessee Farmers Mut. Ins. Co. v. Farmer***, 970 S.W.2d 453, 455 (Tenn. 1998). Under either rule, a trial court's ruling is reviewed under an abuse of discretion standard. *See **Ali v. Fisher***, 145 S.W.3d 557, 564-65 (Tenn. 2004); ***Trundle v. Park***, 210 S.W.3d 575, 579-80 (Tenn. Ct. App. 2006). A trial court abuses its discretion when it has applied an incorrect legal standard or has reached a decision which is against logic or reasoning that caused an injustice to the party complaining. ***Eldridge v. Eldridge***, 42 S.W.3d 82, 85 (Tenn. 2001). We will not overturn the trial court's decision merely because reasonable minds could reach a different conclusion. ***Id.***

After reviewing the entire record, we conclude that the trial court did not abuse its discretion by denying Plaintiff's Rule 59 motion. At the March 16 hearing, Plaintiff offered no evidence on which the trial court could base a decision to grant her motion. Plaintiff was given the opportunity to testify but declined. Although required to appear pursuant to a show cause order, Plaintiff's former attorney, Ms. Barnes-Hulsey, failed to appear to explain her absence on January 4. Plaintiff has included sworn affidavits in the appellate record; however, as noted above, they were not part of her original motion and were filed after the March 16 hearing. Consequently, the affidavits were not before the trial court when it reached its decision and cannot be considered on appeal. *See **Ramsey v. Ramsey***, No. E1999-00577-COA-R3-CV, 2000 Tenn. App. LEXIS 601, at *7 (Tenn. Ct. App. Sept. 6, 2000). Likewise, as noted above, there is nothing in the record indicating that Plaintiff's deposition, taken March 11, 2010, was ever presented to the trial court before it reached its decision. The trial court's March 22 order confirms the failure of the Plaintiff to present any evidence in support of her motion.

The facts of this case are similar, yet distinguishable, from those in ***Mohan v. Mohan***, No. 01A01-9708-CV-00415, 1998 WL 743332 (Tenn. Ct. App. Oct. 9, 1998). ***Mohan*** involved a divorce trial in which the husband twice moved for a continuance citing a family emergency requiring overseas travel. ***Id.*** at *1. The trial court denied the motions and held the trial in the husband's absence. ***Id.*** The husband's attorney was present at trial; however, the only testimony taken was from the wife. ***Id.*** The trial court awarded the wife all of the marital property, custody of the parties' minor child, alimony, and child support. ***Id.*** at *2. The husband then filed a motion for new trial alleging that his mother had suffered a heart

---

[7]Defendant's counsel asserts that Plaintiff's "Motion to Set Aside Judgment" falls under Tenn. R. Civ. P. 60. However, because the motion was filed within 30 days after the entry of judgment, and is not seeking to correct a clerical mistake under Rule 60.01, it is properly considered as a Rule 59 motion. *See* Lawrence A. Pivnick, Tennessee Circuit Court Practice, Vol. 2, §§ 28.4, 28.8 (2010); Robert Banks, Jr. & June F. Entman, Tennessee Civil Procedure, § 12.2(c) (2d ed. 2004).

attack and been hospitalized in India. *Id.* The trial court denied this motion. *Id.* The husband then filed a motion to supplement the record which was granted. *Id.* The record was then supplemented with (1) affidavits in which the husband stated that, at the time of the divorce hearing, he was in India with his hospitalized mother; (2) hospital records confirming his mother's hospitalization; and (3) an affidavit in which the husband stated that he had been prejudiced by not being present at the hearing. *Id.* This Court found that the trial court abused its discretion and reversed.[8] *Id.* at *4. However, critically, the husband in *Mohan*, had provided both the trial court and this Court on appeal with evidence explaining his failure to appear for trial.

In this case, Plaintiff offered no evidence to the trial court on which it could grant her Rule 59 motion. Plaintiff was given the opportunity to testify at the March 16 hearing but declined to do so. Likewise, she had the opportunity to file affidavits in support of her motion prior to the March 16 hearing but chose not to do so. Consequently, the trial court had no evidence to consider at the March 16 hearing in support of Plaintiff's motion. It is well settled that "[a] trial judge will not be placed in error for failing to consider something which was never presented to him." *State v. Williams*, 638 S.W.2d 417, 421 (Tenn. Crim. App. 1982). We conclude that the trial court did not abuse its discretion when it denied Plaintiff's motion. The judgment of the trial court is affirmed. Costs of this appeal are taxed to Appellant, Teresa J. Allen, and her surety, for which execution may issue if necessary.

_____
J. STEVEN STAFFORD, JUDGE

---

[8]This Court discerned the issue in *Mohan* to be "whether the lower court erred in denying the [h]usband a new trial in light of the fact that he was not present at the final hearing for the reasons given." *Mohan*, 1998 WL 743332, at *3. The court resolved the issue, however, by determining that the trial court abused its discretion in denying the husband's request for a continuance. *Id* at *4. Notwithstanding, in this case, Plaintiff failed to request a continuance from the trial court or offer a reason for her absence.