FILED
05/15/2024
Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
May 13, 2024

**DIANE BAILEY v. DONALD COBB**

**Appeal from the Chancery Court for Anderson County**
**No. 24CH5625      James W. Brooks, Jr., Chancellor**

_____

**No. E2024-00285-COA-R3-CV**

_____

This is an appeal from a final order entered on January 23, 2024. The notice of appeal was not filed with the Appellate Court Clerk until February 23, 2024, more than thirty days from the date of entry of the order from which the appellant is seeking to appeal. Because the notice of appeal was not timely filed, we have no jurisdiction to consider this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

D. MICHAEL SWINEY, C.J.; JOHN W. MCCLARTY, J.; AND THOMAS R. FRIERSON, II, J.

Diane Bailey, Oak Ridge, Tennessee, Pro Se Appellant.

Donald Cobb, Clinton, Tennessee, Pro Se Appellee.

**MEMORANDUM OPINION[1]**

The Anderson County Chancery Court ("Trial Court") entered a final judgment granting an order of protection on January 23, 2024. On February 23, 2024, the appellant, Diane Bailey ("Appellant"), filed a *pro se* notice of appeal in this case, in which she states that she is seeking to appeal the January 23, 2024 order from the Trial Court. The notice

---

[1] Rule 10 of the Rules of the Court of Appeals provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

of appeal was presented for filing in person to the Appellate Court Clerk's Office on February 23, 2024.

Upon receipt of the appellate record and pursuant to Tenn. R. App. P. 13(b), this Court reviewed the record on appeal to determine if the Court has subject matter jurisdiction over the appeal. The appellate record revealed that Appellant's notice of appeal appeared to be untimely filed, having been filed with this Court thirty-one (31) days after the filing of the final judgment. Therefore, this Court entered an order directing Appellant to show cause why this appeal should not be dismissed due to lack of jurisdiction resulting from an untimely notice of appeal. Appellant filed a response to the show cause order, acknowledging that she had filed the notice of appeal thirty-one (31) days after the final judgment was entered. According to Appellant, she "made the mistake of not remembering that January had 31 days and not 30." Appellant further stated in her response that she had submitted a "petition for reconsideration" to the Trial Court prior to filing her notice of appeal and that she had been awaiting a response regarding whether the Trial Court would accept her petition. The Trial Court Clerk's Office informed the Appellate Court Clerk's Office that no such petition had been filed in the Trial Court and denied knowledge of anyone telling Appellant that the judge would not consider her petition. Appellant informed the Appellate Court Clerk that she did not have a filed copy of the "petition for reconsideration" and that it had been returned to her by the Trial Court Clerk's Office unfiled. The contents of Appellant's "petition for reconsideration" are unknown; however, it is undisputed that the petition was not filed in the Trial Court.[2]

In order to be timely, a notice of appeal must "be filed with the clerk of the appellate court within 30 days after the date of entry of the judgment appealed from." Tenn. R. App. P. 4(a). "The thirty-day time limit for filing a notice of appeal is mandatory and jurisdictional in civil cases." *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn. 2004). If a notice of appeal is not filed in a civil case in a timely fashion from the date of entry of the final judgment, we are not at liberty to waive the procedural defect and must dismiss the appeal. *See Arfken & Assocs., P.A. v. Simpson Bridge Co., Inc.*, 85 S.W.3d 789, 791 (Tenn. Ct. App. 2002); *Am. Steinwinter Investor Group v. Am. Steinwinter, Inc.*, 964 S.W.2d 569, 571 (Tenn. Ct. App. 1997); *Jefferson v. Pneumo Services Corp.*, 699 S.W.2d 181, 184 (Tenn. Ct. App. 1985).

The appellant requests in her response that this Court allow the appeal to continue despite its untimeliness. However, we are not permitted to waive the untimely filing of a

---

[2] Although a "petition for reconsideration" is not specified under the motions that will toll the time to file a notice of appeal under Tenn. R. App. P. 4(b), our Supreme Court has held that the substance of the motion dictates whether the motion qualifies as one specified in Rule 4. *Tennessee Farmers Mut. Ins. Co. v. Farmer*, 970 S.W.2d 453, 455 (Tenn. 1998) ("[W]e hold that when determining whether a post-trial motion is one of those designated by the rules of civil and appellate procedure as tolling commencement of the time for filing a notice of appeal, courts must consider the substance of the motion, rather than its form."). Nonetheless, Appellant's "petition for reconsideration" was not filed with the trial court in this case.

- 2 -

notice of appeal in civil cases. *See* Tenn. R. Civ. P. 4(a). Because the notice of appeal in this case was filed more than thirty (30) days after the date of entry of the final order, we lack jurisdiction to consider the appeal. This appeal is dismissed. Costs on appeal are taxed to the appellant, Diane Bailey, for which execution may issue if necessary.

**PER CURIAM**