# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
September 22, 2016 Session

## AUSTIN DAVIS, ET AL. v. DALE LEWELLING, ET AL.

**Appeal from the Circuit Court for Davidson County**
**No. 13C4281 Kelvin D. Jones, Judge**

_____

**No. M2016-00730-COA-R3-CV – Filed October 27, 2016**

_____

Plaintiffs appeal the trial court's ruling: (1) dismissing their claims against a church; (2) dismissing the plaintiff-daughter's claim against the remaining individual defendant for failure to state a claim upon which relief can be granted; and (3) granting the remaining individual defendant's motion for summary judgment as to the plaintiff-father's claim of assault. With regard to the dismissal of the claims against the church, we conclude that Appellants' notice of appeal was untimely, and we therefore dismiss their appeal concerning the claims against the church for lack of subject matter jurisdiction. We dismiss the remainder of Appellants' appeal because of profound deficiencies in Appellants' brief to this Court.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

J. STEVEN STAFFORD, PJ.,W.S., delivered the opinion of the court, in which W. NEAL MCBRAYER and BRANDON O. GIBSON, JJ., joined.

Austin Davis, Nashville, Tennessee, Pro se.

Daisy Davis, Nashville, Tennessee, Pro se.[1]

Autumn L. Gentry, Kelly M. Telfeyan, Nashville, Tennessee, for the appellees, Dale Lewelling, and Covenant Presbyterian Church of Nashville.

## MEMORANDUM OPINION[2]

---

[1] Although Ms. Davis signed the appellant's brief filed in this case, she did not appear at oral argument.

[2] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

## Background

On October 18, 2013, Plaintiffs/Appellants Austin Davis and Daisy Davis (collectively, "Appellants") filed a complaint against Defendants/Appellees Dale Lewelling and Covenant Presbyterian Church of Nashville ("the Church," and together with Mr. Lewelling, "Appellees") asserting that Appellees attempted to cover up sexual abuse committed at the Church and that church members harassed Appellants. It appears from the record that Daisy Davis is the daughter of Austin Davis.

Appellees filed a motion to dismiss the complaint on the ground of res judicata, arguing that the same allegations had been raised in a June 19, 2013 complaint, which had been dismissed for failing to state a claim upon which relief could be granted. *See Davis v. Covenant Presbyterian Church of Nashville*, M2015-02154-COA-R3-CV, (Tenn. Ct. App. June 9, 2016) (affirming the trial court denial of Appellants' Rule 60.02 motion), *perm. app. denied* (Tenn. Sept. 23, 2016). Additionally, Appellees alleged that the claims had been raised in a second complaint filed on June 23, 2014; the trial court dismissed all claims raised in that complaint except for those involving defamation and outrageous conduct. The Court of Appeals reversed, however, and ruled that those claims should also have been dismissed. *See Davis v. Covenant Presbyterian Church of Nashville*, No. M2014-02400-COA-R9-CV, 2015 WL 5766685 (Tenn. Ct. App. Sept. 30, 2015), *perm. app. denied* (Tenn. Feb. 18, 2016).

On December 20, 2013, the trial court partially granted the motion to dismiss. Therein, the trial court dismissed all of Appellants' claims against the Church, leaving only a single claim of assault against Mr. Lewelling. The trial court directed Appellants to file an amended complaint as to the assault allegation. The order was designated as final pursuant to Rule 54.02 of the Tennessee Rules of Civil Procedure, discussed in detail *infra*.

Appellants responded by filing a timely motion to alter or amend the judgment and a motion for recusal. The trial court first denied the recusal motion by order of January

---

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Tenn. Ct. App. R. 10

23, 2014. On February 14, 2014, the trial court entered an order granting in part and denying in part Appellants' motion to alter or amend, amending its December 2013 order to clarify that the claims against the Church had been dismissed on the ground of res judicata. Over two months later, Appellants filed a motion to set aside the February 2014 order on the ground that they were not served with the order. The trial court denied Appellants' motion on June 26, 2014.

On June 30, 2014, Appellants filed their amended complaint against Mr. Lewelling. Mr. Lewelling filed a motion to dismiss or to strike the complaint on July 15, 2014. The trial court dismissed Ms. Davis's claim with prejudice for failing to state a claim by order of August 27, 2014.[3] With regard to Mr. Davis's assault claim, the trial court struck every allegation except one sentence stating: "I [i.e., Mr. Davis] was immediately intimidated/threatened and physically managed by several large men who surrounded me and pressed against me separating me physically." On September 5, 2014, Appellants filed a motion to set aside both the August 27, 2014 order and all the other orders entered in the case. In the alternative, Appellants asserted that their motion also served as a notice of appeal. The trial court denied the motion on November 24, 2014.

Appellants' counsel eventually withdrew; Appellants proceeded pro se during the remainder of the trial court proceedings. The parties engaged in discovery on the remaining claim, and Mr. Lewelling eventually filed a motion for summary judgment on January 13, 2015. Mr. Lewelling accompanied his motion with a memorandum and a statement of undisputed facts. Mr. Davis thereafter responded in opposition. On February 26, 2016, the trial court granted Mr. Lewelling's motion for summary judgment, concluding that Mr. Lewelling had demonstrated that Mr. Davis's evidence was insufficient to establish the claim of assault. Appellants filed a notice of appeal naming both Mr. Lewelling and the Church as Appellees.

## Issues Presented

Appellants raise a single issue, which is taken verbatim from their appellate brief: "Whether the outrageous, deliberate defrauding of the Tennessee Judicial System to conceal a known child molester, John Perry, is acceptable to Judge Frank Clement, the Middle Tennessee Appellant Court, and more importantly, 6.5 million tax-paying citizens of Tennessee?" In contrast, Appellees raise several issues regarding this Court's subject matter jurisdiction over the issues raised in Appellants' brief as well as Appellants' purported waiver of their arguments on appeal by their failure to comply with the rules of this Court.

---

[3] Ms. Davis filed a notice of appeal of the order dismissing her claim on December 29, 2014. The Court of Appeals administratively dismissed her appeal for failure to pay litigation costs or post an appeal bond on February 25, 2015.

**Claims against the Church**

As an initial matter, we first consider any claims raised in this appeal concerning the Church, as those claims implicate this Court's subject matter jurisdiction. Although it is difficult to discern from their appellate brief, it appears that Appellants attempt to raise the dismissal of their action against the Church as an error on appeal. To the extent that Appellants appeal the dismissal of their claims against the Church, however, this Court lacks subject matter jurisdiction to consider this issue.

This Court "cannot exercise jurisdictional powers that have not been conferred directly to [us] expressly or by necessary implication." *Tenn. Envtl. Council v. Water Quality Control Bd.*, 250 S.W.3d 44, 55 (Tenn. Ct. App. 2007) (citing *Cnty. of Shelby v. City of Memphis*, 365 S.W.2d 291 (Tenn. 1969)). Here, the trial court dismissed all of the claims against the Church on December 20, 2013. The trial court certified its judgment as final pursuant to Rule 54.02 of the Tennessee Rules of Civil Procedure. Rule 54.02 provides:

> When more than one claim for relief is present in an action, whether as a claim, counterclaim, cross-claim, or third party claim, or when multiple parties are involved, the Court, whether at law or in equity, may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of the judgment adjudicating all the claims and the rights and liabilities of all the parties.

In this case, the trial court's December 2013 order adjudicates all of the claims between Appellants and the Church. Accordingly, the trial court was authorized to certify its judgment as final pursuant to Rule 54.02.

The December 20, 2013 order was final and immediately appealable despite the fact that Appellants' assault claim against Mr. Lewelling had yet to be adjudicated. *See Coldwell Banker-Hoffman Burke v. KRA Holdings*, 42 S.W.3d 868, 873 (Tenn. Ct. App. 2000) (holding that a notice of appeal must be filed within thirty days after the entry of a judgment pursuant to Rule 54.02 to vest subject matter jurisdiction in the Court of Appeals); *see also Adler v. City of Johnson City*, No. E2013-01309-COA-R3-CV, 2015 WL 1893985 (Tenn. Ct. App. April 27, 2015) (holding that the Court of Appeals was deprived of jurisdiction to consider an issue when the notice of appeal was filed more than thirty days from the entry of a judgment pursuant to Rule 54.02) (citing *Ball v.*

- 4 -

*McDowell*, 288 S.W.3d 833, 836 (Tenn. 2009) ("[I]f the notice of appeal is untimely, the Court of Appeals lacks subject matter jurisdiction over the appeal.")). Because the order was final, Appellants were therefore required by Rule 4 of the Tennessee Rules of Appellate Procedure to file their notice of appeal within thirty days of the entry of that order or take other action to toll the time for filing a notice of appeal. *See* Tenn. R. App. P. 4(a) ("In an appeal as of right to the . . . Court of Appeals . . . , the notice of appeal required by Rule 3 shall be filed with and received by the clerk of the trial court within [thirty] days after the date of entry of the judgment appealed from[.]"). As explained by the Tennessee Supreme Court in *Ball v. McDowell*:

> The date of entry of a final judgment in a civil case triggers the commencement of the thirty-day period in which a party aggrieved by the final judgment must file either a post-trial motion or a notice of an appeal. *See* Tenn. R. Civ. P. 59.02; Tenn. R. App. P. 4(a)–(b). If timely, certain post-trial motions, such as [a] motion to alter or amend, will toll commencement of the thirty-day period for filing a notice of appeal until the trial court enters an order granting or denying the motion. Tenn. R. App. P. 4(b); *see Binkley v. Medling*, 117 S.W.3d 252, 255 (Tenn. 2003). If a post-trial motion is not timely, the trial court lacks jurisdiction to rule on the motion. *See Binkley*, 117 S.W.3d at 255. Similarly, if the notice of appeal is untimely, the Court of Appeals lacks subject matter jurisdiction over the appeal. *Id.*; *see also* Tenn. R.App. P. 2 (stating that appellate courts may not suspend the thirty-day time period for filing a notice of appeal).

*Ball*, 288 S.W.3d at 836 (footnotes omitted). Appellants therefore had thirty days from the entry of the December 20, 2013 order to file their notice of appeal to this Court or to file a motion which tolled the time for filing their notice of appeal, lest this Court be deprived of subject matter jurisdiction to consider their appeal. *See also Adler v. City of Johnson City*, No. E2013-01309-COA-R3-CV, 2015 WL 1893985 (Tenn. Ct. App. Apr. 27, 2015) (holding that the Court of Appeals was deprived of jurisdiction to consider an issue when the notice of appeal was filed more than thirty days from the entry of a judgment pursuant to Rule 54.02).

Here, Appellants properly filed a motion to alter or amend the trial court's judgment pursuant to Rule 59.04 of the Tennessee Rules of Civil Procedure on January 3, 2014. *See* Tenn. R. Civ. P. 59.04 ("A motion to alter or amend a judgment shall be filed and served within thirty . . . days after the entry of the judgment."). The Tennessee Supreme Court has previously held that a motion under Rule 59.04 tolls the statute of limitations for filing a notice of appeal "until entry of an order granting or denying the motion." *Tenn. Farmers Mut. Ins. Co. v. Farmer*, 970 S.W.2d 453, 453 (Tenn. 1998); *see also* Tenn. R. Civ. P. 59.01 (noting that motions under Rule 59.04 are among the motions that will "extend[] the time for taking steps in the regular appellate process").

Accordingly, the time for filing a notice of appeal of the dismissal of the claims against the Church was tolled until the grant or denial of the Rule 59.04 motion. On February 14, 2014, the trial court entered an order granting in part and denying in part Appellants' motion to alter or amend. The trial court's decision to dismiss the claims against the Church and certify its judgment as final, however, was not altered by the February 14, 2014 order. As such, the thirty-day time period for filing a notice of appeal once again began to run on February 14, 2014.

Appellants, however, did not file their notice of appeal within the prescribed timeline. In this case, Appellants, either individually or together, filed three "notices of appeal": (1) a September 5, 2014 motion to alter or amend or, in the alternative, notice of appeal; (2) a December 29, 2014 notice of appeal eventually dismissed by this Court; and (3) a March 24, 2016 notice of appeal ultimately resulting in this appeal. None of these notices were filed within thirty days of the trial court's February 14, 2014 order. [4] This Court is prohibited from extending the time allowed for taking an appeal as of right. Tenn. R. App. P. 2; *Edmundson v. Pratt*, 945 S.W.2d 754 (Tenn. Ct. App. 1996). Because Appellants did not file their notice of appeal within thirty days of the February 14, 2014 order on Appellants' motion to alter or amend, this Court lacks subject matter jurisdiction to consider any appeal concerning the dismissal of the claims against the Church. To the extent that Appellants appeal the dismissal of their claims against the Church, their appeal must therefore be dismissed.

### Assault Claim

We next consider whether the trial court erred in: (1) granting Mr. Lewelling's motion to dismiss Ms. Davis's assault claim for failure to state a claim upon which relief can be granted; and (2) granting Mr. Lewelling's motion for summary judgment with regard to Mr. Davis's assault claim. Our review of this issue, however, is hindered by Appellants' failure to comply with the Tennessee Rules of Appellate Procedure. Pursuant to Rule 27(a) of the Tennessee Rules of Appellate Procedure:

The brief of the appellant shall contain . . . :

---

[4] We note that on May 23, 2014, Appellants filed a motion under Rules 54, 59, and 60 of the Tennessee Rules of Civil Procedure to amend the trial court's February 14, 2014 order. The May 23, 2014 order, however, was not filed within thirty days of the entry of the February 14, 2014 order, and as such, cannot be considered a Rule 59.04 motion. Furthermore, Rule 59.01 specifically states that "[m]otions to reconsider [Rule 59.04] motions are not authorized and will not operate to extend the time for appellate proceedings." Rather, Appellants' motion was properly brought under Rule 60.02 of the Tennessee Rules of Civil Procedure governing relief from final judgments. Pursuant to Rule 59.01, however, Rule 60.02 motions are not among the motions that "extend[] the time for taking steps in the regular appellate process." The trial court denied Appellants' May 23, 2014 motion by order of June 26, 2014. Even assuming that the June 26, 2014 order was the dispositive date for filing a notice of appeal, however, Appellants also failed to file any notice of appeal within thirty days of the entry of this order.

(7) An argument, which may be preceded by a summary of argument, setting forth:

> (A) the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on; and
> (B) for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues);

Here, the argument section of Appellants' brief does not contain any citation to relevant authority to support their contentions. Moreover, Appellants fail to make any references to the over 1,000-page appellate record in their argument. It is well-settled "that the failure to make appropriate references to the record and to cite relevant authority in the argument section of the brief as required by Rule 27(a)(7) constitutes a waiver of the issue." ***Bean v. Bean***, 40 S.W.3d 52, 55 (Tenn. Ct. App. 2000).

In addition to the Rule of Appellate Procedure, Rule 6 of the Rules of the Court of Appeals of Tennessee provides that an appellant's brief "shall contain":

> (1) A statement by the appellant of the alleged erroneous action of the trial court which raises the issue and a statement by the appellee of any action of the trial court which is relied upon to correct the alleged error, with citation to the record where the erroneous or corrective action is recorded.
> (2) A statement showing how such alleged error was seasonably called to the attention of the trial judge with citation to that part of the record where Appellants' challenge of the alleged error is recorded.
> (3) A statement reciting wherein appellant was prejudiced by such alleged error, with citations to the record showing where the resultant prejudice is recorded.
> (4) A statement of each determinative fact relied upon with citation to the record where evidence of each such fact may be found.

Respectfully, Appellants' brief fails to comply with either the letter or the spirit of Rule 6. Specifically, Appellants do not address either the motion to dismiss or summary judgment standard, the evidence presented both in support and in defense of their claim of assault, or the trial court's decisions to grant Mr. Lewelling's motions. Although Appellants assert in their argument that Mr. Lewelling "lied under oath," the argument section of their brief completely fails to mention the allegation of assault that is the root of this appeal. Indeed, the only mention of the assault claim is Appellants'

characterization of this case as a "concealment-assault case" in the conclusion section of their appellate brief. Appellants simply failed to cite any law or evidence in support of their appeal from the trial court's decisions to dismiss Ms. Davis's assault claim and to grant Mr. Lewelling's motion for summary judgment on Mr. Davis's assault claim. Respectfully, Appellants' brief completely fails to address the only questions at issue in this appeal: whether the trial court erred in granting judgment in Mr. Lewelling's favor on Appellants' assault claim.

We are mindful that some of the deficiencies in Appellants' brief may be the result of the fact that they are proceeding pro se in this appeal. It is well-settled, however, that pro se litigants must comply with the same standards to which lawyers must adhere. ***Watson v. City of Jackson***, 448 S.W.3d 919, 926 (Tenn. Ct. App. 2014). As explained by this Court:

> Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe.

***Jackson v. Lanphere***, No. M2010-01401-COA-R3-CV, 2011 WL 3566978, at *3 (Tenn. Ct. App. Aug. 12, 2011) (quoting ***Hessmer v. Hessmer***, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003)). Thus, "courts give pro se litigants who are untrained in the law a certain amount of leeway in drafting their pleadings and briefs." ***Young v. Barrow***, 130 S.W.3d 59, 63 (Tenn. Ct. App. 2003). However, "[p]ro se litigants should not be permitted to shift the burden of the litigation to the courts or to their adversaries." ***Id.*** As such, it is inappropriate for the court to create a claim or draft an argument where none exists. ***Rampy v. ICI Acrylics, Inc.***, 898 S.W.2d 196, 198 (Tenn. Ct. App. 1994).

In this case, Appellants have simply failed to draft any argument regarding the dispositive issue in this appeal: whether the trial court erred in granting Mr. Lewelling's dispositive motions regarding the claim of assault. This Court has repeatedly held that a party's failure to argue an issue in the body of his or her brief constitutes a waiver of the issue on appeal. ***Newcomb v. Kohler Co.***, 222 S.W.3d 368, 401 (Tenn. Ct. App. 2006). Furthermore, the argument section of their appellate brief fails to comply with either Rule 27 of the Rules of Appellate Procedure or Rule 6 of the Rules of the Court of Appeals of Tennessee by omitting necessary citations to legal authority or references to the voluminous appellate record in this case. It is well-settled that "profound deficiencies [like those found in Appellant's appellate brief] render[] appellate review impracticable, if not impossible." ***Owen v. Long Tire, LLC***, No. W2011-01227-COA-R3-CV, 2011 WL

6777014, at *4 (Tenn. Ct. App. Dec. 22, 2011) (citing **Missionary Ridge Baptist Church v. Tidwell**, No. 89–356–II, 1990 WL 94707, *2 (Tenn. Ct. App. July 11, 1990) (refusing to rely on the brief of the appellant because it did not contain references to the record either in the statement of facts or the argument section of its brief)). As such, we decline to address the merits of Appellants' appeal. Appellants' appeal is therefore dismissed.

## Conclusion

The appeal filed by Appellants Austin Davis and Daisy Davis is dismissed. This cause is remanded to the trial court all further proceedings as are necessary and consistent with this Opinion. Costs of this appeal are taxed to Appellants Austin Davis and Daisy Davis, for which execution may issue if necessary.

_____
J. STEVEN STAFFORD, JUDGE